IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TRIUMPH IP LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **HUNTER INDUSTRIES INCORPORATED,** <br><br> Defendant. | C.A. No. 21-01075-MN <br><br> **JURY TRIAL DEMANDED** <br><br> **PATENT CASE** |
| **v. OPTICON** | C.A. No. 21-01076-MN |
| **v. RAISECOM, INC.** | C.A. No. 21-01077-MN |
| **v. ITERIS, INC.** | C.A. No. 21-01211-MN |
| **v. VOCERA COMMUNICATIONS, INC.** | C.A. No. 21-01213-MN |

**SCHEDULING ORDER**

This   20th   day of   December  , 2021, the parties[1] having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration; IT IS HEREBY ORDERED that:

1.  <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) on December 10, 2021.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI"), which is posted at http://www.ded.uscourts.gov (*see*

---

[1]  "Parties" as used herein refers collectively to each of the parties in the above-captioned cases.  "Each side" as used herein refers to each side in each of the above-captioned cases.  For example, one side in C.A. No. 21-01075-MN is the Plaintiff, Triumph IP LLC, and the other side is Defendant, Hunter Industries Incorporated.  And "each defendant" as used herein refers to the defendant in each of the above-captioned cases.

Other Resources, Default Standard for Discovery) and is incorporated herein by reference, with the exception that the parties anticipate identifying no more than five (5) custodians, rather than the ten (10) noted in the Default Standard for Discovery.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **February 10, 2022**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

3. <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date the Court enters this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6. <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Disclosures.</u> Absent agreement among the parties, and approval of the Court:

(a) By **December 3, 2021**, Plaintiff shall identify the accused product(s) as to each Defendant, including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce to each Defendant the file history for each asserted patent.

(b) By **January 7, 2022**, each Defendant shall produce to Plaintiff core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Each Defendant shall also produce to Plaintiff sales figures for the accused product(s).

(c) By **February 10, 2022**, Plaintiff shall provide to each Defendant an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d) By **March 17, 2022**, each Defendant shall provide to Plaintiff its initial invalidity contentions for each asserted claim, as well as produce to Plaintiff the known related invalidating references.

(e) By **March 31, 2022**, each Defendant shall provide to Plaintiff its initial non-infringement contentions.

(f) By **April 21, 2022**, Plaintiff shall provide its response to Defendant's initial invalidity contentions.

(g) By **September 23, 2022**, Plaintiff shall provide final infringement contentions to each Defendant. Final infringement contentions shall include a party's contentions under its proposed construction(s), as well as under the opposing construction(s) (if such an alternative contention exists).

(h) By **September 23, 2022**, each Defendant shall provide to Plaintiff final invalidity contentions. Final invalidity contentions shall include a party's contentions under its proposed construction(s), as well as under the opposing construction(s) (if such an alternative contention exists).

(i) By **October 21, 2022**, Plaintiff shall provide its final response to Defendant's final invalidity contentions, and each Defendant shall provide its final non-infringement contentions. The final response to the final invalidity contentions and final non-infringement contentions shall include a party's contentions under its proposed construction(s), as well as under the opposing construction(s) (if such an alternative contention exists).

8. Discovery.  Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a) Fact Discovery Cut Off.  All fact discovery in this case shall be initiated so that it will be completed on or before **September 16, 2023**.

(b) Document Production.  Document production shall be substantially complete by **July 22, 2022**.

(c) <u>Requests for Admission.</u>  Plaintiff may serve 10 common requests for admission on all Defendants, and an additional 15 requests for admission on each Defendant. Defendants collectively may serve 10 common requests for admission on Plaintiff, and each Defendant may serve an additional 15 requests for admission on Plaintiff. There shall be no limit, however, on the number of requests for admission for the purpose of authenticating documents.

(d) <u>Interrogatories.</u>

i. Plaintiff may serve 10 common interrogatories on all Defendants, and an additional 15 interrogatories on each Defendant. Defendants collectively may serve 10 common interrogatories on Plaintiff, and each Defendant may serve an additional 15 interrogatories on Plaintiff.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case.

(e) <u>Depositions.</u>

i. <u>Limitation on Hours for Deposition Discovery.</u>  Each side is limited to a total of 40 hours of taking fact testimony by deposition upon oral examination of the opposing side (inclusive of both 30(b)(1) and 30(b)(6) depositions). There is a further limit of an additional 21 hours of taking fact testimony by deposition upon oral examination of third parties. For clarity, expert depositions, including the depositions of any experts who provide declarations during claim construction, shall not count against these deposition limits. The parties further agree that each side may serve no more than two 30(b)(6) deposition notices upon another side without leave of court.  To the extent deponents are relevant to more than one case, depositions may be cross noticed in all relevant cases in order to avoid duplication and otherwise promote efficiency. To the extent

depositions are cross-noticed, the participants will establish the duration (including possibly more than seven hours per deponent) and division of time in advance.

Unless otherwise stipulated or ordered by the court, a deposition is limited to one (1) day of seven (7) hours. The parties acknowledge that certain individuals who have information relevant to several issues in the case may require more hours for deposition than that provided herein. For such individuals, the parties will work in good faith to agree on a time limit in advance, and if the parties cannot reach agreement, may apply to the Court for additional time by showing good cause to deviate from the above. For any deposition that will exceed seven (7) hours, the parties will work in good faith to conduct the deposition on consecutive days where practical and reasonable in light of the subject matter, witness availability, and attorney availability. The number of deposition hours and length of depositions may be modified by agreement of the parties or further order of the Court. If any party requests more than the allotted time for a particular deposition, or if any party per opposing party seeks more than the number of designated hours set forth herein, the parties agree to meet and confer in good faith to attempt to resolve the issue without the need for intervention by the Court. Notwithstanding these limitations, the parties will not be permitted redundant, cumulative or abusive questioning.

ii.   <u>Location of Depositions.</u>  The parties agree that in this case the depositions of party witnesses shall occur in the locality where the witness's business office is located, at some other mutually agreeable location, or, if restrictions due to the pandemic restrict travel or otherwise limit in-person depositions, by remote means. In either event, counsel for any party may choose to attend or take any deposition by remote means. The parties will coordinate in good faith in an effort to identify a deposition location within twenty-five (25) miles of the place of employment or residence of the deponent.

(f) <u>Disclosure of Expert Testimony.</u>

i. <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **March 24, 2023**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **April 21, 2023**.  Reply expert reports from the party with the initial burden of proof are due on or before **May 19, 2023**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii. <u>Expert Report Supplementation.</u>  The parties agree they **will** permit expert declarations to be filed in connection with motions briefing (including case dispositive motions).

iii. <u>Objections to Expert Testimony.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

iv. <u>Expert Discovery.</u>  All expert discovery in this case shall be initiated so that it will be completed on or before **June 9, 2023**. Expert depositions may be noticed for multiple related cases.

(g) <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

      i.  Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

      ii.  Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

      iii.  On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

      iv.  The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

      v.  Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

  9.  <u>Motions to Amend / Motions to Strike.</u>

    (a)  Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g) above.

(b) Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

10. <u>Technology Tutorials.</u>  Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11. <u>Claim Construction Issue Identification.</u>  On **April 28, 2022**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.  On or before **May 19, 2022**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **October 28, 2022**.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing.

12. <u>Claim Construction Briefing.</u>  The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **November 18, 2022**.  The Defendants shall serve, but not file, their answering brief, not to exceed 30 pages, on **December 16, 2022**.  The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **January 6, 2022**.  The Defendants shall

serve, but not file, their sur-reply brief, not to exceed 10 pages, on **January 20, 2023**. No later than **January 27, 2023**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below. If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-Upon Constructions

II. Disputed Constructions

    [TERM 1]

        1. Plaintiff's Opening Position

        2. Defendant's Answering Position

        3. Plaintiff's Reply Position

        4. Defendant's Sur-Reply Position

    [TERM 2]

        1. Plaintiff's Opening Position

        2. Defendant's Answering Position

        3. Plaintiff's Reply Position

        4. Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

13.     Hearing on Claim Construction.  Beginning at  **2:00 p.m.** on **February 23, 2023,** the Court will hear argument on claim construction.  The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court.  The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

14.     Supplementation.  Absent agreement among the parties, and approval of the Court, no later than **thirty (30) days** after the Court enters the claim construction ruling, the parties must finally supplement, *inter alia,* the identification of all accused products. No less than thirty (30) days following final identification of all accused products, the parties shall supplement all invalidity references.

15.     Case Dispositive Motions.

(a)     All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **July 7, 2023**.  Briefing will be presented pursuant to the Court's Local Rules.  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

    (b) <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

    Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record.  Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried.  Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

    The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis.  Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

    (c) <u>Page limits combined with Daubert motion page limits.</u> Each side is permitted to file as many case dispositive motions as desired provided, however, that Plaintiff and Defendants will be limited to a combined total of 40 pages for all opening briefs, a combined total

of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for the Plaintiff and Defendants.[2]

16. <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17. <u>Motions *in Limine*.</u>  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the

---

[2] The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule. The parties will meet and confer to determine whether to request any adjustments to the briefing limits in light of the number of parties and issues that remain.

Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

19. Trial Sequencing Conference. On **November 9, 2023 at 10:00 a.m.**, the Court will hold a conference to discuss the order and scheduling of trials in these cases. The parties shall submit a joint report reflecting their proposals with respect to the order and scheduling of trials at least seven (7) days prior to the conference.

19. Pretrial Conference. On **December 11, 2023**, beginning at **4:30 p.m.**, the Court will hold a pretrial conference in Court with counsel in the first of the above-captioned and related litigations to proceed to trial. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties in the first of the above-captioned actions to proceed to trial shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference in that case. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The pretrial orders for each subsequent, above-captioned and related litigation to proceed to trial shall be filed no later than seven (7) days before the pretrial conference for each such case.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

20. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire,

(ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

21.  Trial.  The trial of the first matter is scheduled for a five (5) day trial beginning at 9:30 a.m. on **December 18, 2023**, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22.  Judgment on Verdict and Post-Trial Status Report.  Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

23.  Post-Trial Motions.  Unless otherwise ordered by the Court, all *SIDES* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
The Honorable Maryellen Noreika
United States District Judge

| EVENT | DEADLINE |
|---|---|
| Rule 26(a)(l) Initial Disclosures | December 10, 2021 |
| Proposed Protective Order | Within thirty (30) days of the date the Court enters this Order |
| Paragraph 3 Disclosures, Default Standard for Discovery | December 10, 2021 |
| Paragraph 4(a) Disclosures, Default Standard for Discovery (plaintiff identify accused products, etc.) | December 3, 2021 |
| Paragraph 4(b) Disclosures, Default Standard for Discovery (defendant produce core technical documents, etc.) | January 7, 2022 |
| Paragraph 4(c) Disclosures, Default Standard for Discovery (plaintiff produce initial claim charts) | February 10, 2022 |
| Joinder of Parties and Motions to Amend or Supplement Pleadings | February 10, 2022 |
| Paragraph 4(d) Disclosures, Default Standard for Discovery (defendant produce invalidity contentions, etc.) | March 17, 2022 |
| Defendants' Non-infringement Contentions | March 31, 2022 |
| Response to Invalidity Contentions | April 21, 2022 |
| Exchange of Lists of Proposed Terms for Claim Construction | April 28, 2022 |
| Exchange of Proposed Constructions for Identified Terms | May 19, 2022 |
| Substantially complete document production | July 22, 2022 |
| Fact Discovery Closes | September 16, 2022 |
| Final Infringement Contentions | September 23, 2022 |
| Final Invalidity Contentions | September 23, 2022 |

| | |
|---|---|
| Plaintiff's Final Response to Final Invalidity Contentions & Defendants' Final Non-infringement Contentions | October 21, 2022 |
| Joint Claim Construction Chart | October 28, 2022 |
| Plaintiff Opening Claim Construction Brief | November 18, 2022 |
| Defendant Answer Claim Construction Brief | December 16, 2022 |
| Plaintiff Reply Claim Construction Brief | January 6, 2023 |
| Defendant Sur-Reply Claim Construction Brief | January 20, 2023 |
| File Joint Claim Construction Brief | January 27, 2023 |
| Claim Construction Hearing | February 23, 2023 at 2:00 p.m. |
| Opening Expert Report | March 24, 2023 |
| Rebuttal Expert Report | April 21, 2023 |
| Reply Expert Report | May 19, 2023 |
| Expert Discovery Closes | June 9, 2023 |
| Case Dispositive Motions | July 7, 2023 [a date approximately four months prior to the pretrial conference] |
| Trial Sequencing Conference | November 9, 2023 at 10:00 a.m. |
| Pretrial Conference | December 11, 2023 at 4:30 p.m. |
| Jury Trial (five days) | December 18, 2023 |